

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN JOEL DEBARR,

              Plaintiff - Appellant,

  v.

STEPHEN CLARK; et al.,

              Defendants - Appellees.

No. 14-15497

D.C. No. 3:12-cv-00039-LRH-WGC
District of Nevada,
Reno

ORDER

CHIOKE GADSDEN and NATHAN
PETERSON,

              Plaintiffs - Appellants,

  v.

TARA CARPENTER; et al.,

              Defendants - Appellees.

No. 14-16250

D.C. No. 3:12-cv-00098-RCJ-VPC
District of Nevada,
Reno

Before: SCHROEDER and NGUYEN, Circuit Judges and ADELMAN,[*] District
Judge.

    The prior memorandum disposition filed on March 2, 2016 is hereby

---

    [*]    The Honorable Lynn S. Adelman, District Judge for the U.S. District
Court for the Eastern District of Wisconsin, sitting by designation.

amended concurrent with the filing of the amended disposition today.  With these amendments, the panel has unanimously voted to deny the petition for rehearing.

The petition for rehearing, filed March 4, 2016, is DENIED.  No further petitions for rehearing may be filed in response to the amended disposition.

**NOT FOR PUBLICATION**

# FILED

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN JOEL DEBARR, | No. 14-15497 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00039-LRH-WGC |
| v. | |
| STEPHEN CLARK; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

| | |
|---|---|
| CHIOKE GADSDEN and NATHAN PETERSON, | No. 14-16250 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-00098-RCJ-VPC |
| v. | |
| TARA CARPENTER; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted February 12, 2016

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: SCHROEDER and NGUYEN, Circuit Judges and ADELMAN,[**] District Judge.

Plaintiffs Brian DeBarr, Chioke Gadsden and Nathan Peterson, inmates at Lovelock Correctional Center ("LCC") in Nevada, appeal the district court's grant of summary judgment for Defendants, LCC administrators. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

After construction at LLC destroyed an on-site pagan worship area, a group of inmates including Plaintiffs filed multiple grievances pursuant to Nevada Department of Corrections Administrative Regulation 740 ("AR 740"). Plaintiffs were subsequently charged with abusing the prison grievance process and sentenced to 15 days of disciplinary segregation. In addition, Plaintiff DeBarr was transferred to High Desert State Prison ("HDSP").

Plaintiffs claim that they were punished in retaliation for exercising their First Amendment rights after they properly utilized AR 740 to express legitimate concerns. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). Defendants counter that Plaintiffs' First Amendment rights were not implicated because the purpose of their filing grievances was simply to harass prison staff.

---

[**] The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

Summary judgment is properly granted only when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). Here, the district court erred by concluding that the evidence presented no genuine issue of material fact as to whether Plaintiffs abused the prison grievance process. Defendants argue, for example, that the timing and duplicative nature of the grievances, and Plaintiffs' failure to engage in other informal ways to resolve their concerns, show that the grievances were intended to harass rather than designed to lead to any practical result. But the evidence, when viewed in the light most favorable to Plaintiffs, shows that they had engaged in the prison's informal resolution procedure before filing their grievances, that their grievances were not frivolous, vexatious or duplicative, and that Defendants failed to follow their own mandated procedures in punishing Plaintiffs. Further, Defendants argue that AR 740 expressly forbids filing any duplicative grievances by different inmates. AR 740 limits only the number of "unfounded frivolous or vexatious grievances" filed by different inmates. Because we conclude that the district court erred in granting Defendants summary judgment because genuine issues of material fact exist, we need not address Plaintiffs' remaining arguments relating to summary judgment.

3

Plaintiffs also claim that the district court abused its discretion by denying their requests for continuances of summary judgment pending further discovery. Fed. R. Civ. P. 56(d). On remand, Plaintiffs should be allowed to pursue discovery. At the time the district court denied the continuance request, Plaintiffs had diligently pursued discovery of potentially favorable information, and Defendants had not fulfilled their discovery obligations at the time summary judgment was granted. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006).

Finally, we conclude that the district court erred in dismissing certain defendants from the *Gadsden* lawsuit. 28 U.S.C. § 1915A. The court provided no reasoned basis for eliminating all but one defendant in the *Gadsden* action while allowing the same claims to go forward against multiple defendants in the *DeBarr* action.

We reverse and remand for proceedings consistent with this disposition.

**REVERSED AND REMANDED.**